DICKINSON WRIGHT PLLC
Steven A. Caloiaro, Bar No. 284410
SCaloiaro@dickinsonwright.com
100 West Liberty Street, Suite 940
Reno, Nevada  89501-1991
Tel: (775) 343-7500
Fax: (844) 670-6009

John S. Artz (*pro hac vice forthcoming*)
Sharae' L. Williams (*pro hac vice forthcoming*)
JSArtz@dickinsonwright.com
SWilliams@dickinsonwright.com
350 S. Main Street, Suite 300
Ann Arbor, MI 48107
Tel: (734) 623-7075
Fax: (844) 670-6009

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESTWAY (USA), INC., AND BESTWAY INFLATABLES & MATERIAL CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>INTEX RECREATION CORP., INTEX DEVELOPMENT COMPANY LTD., INTEX MARKETING LTD., AND INTEX INDUSTRIES (XIAMEN) CO., LTD.,<br><br>Defendants. | Case No.: 2:22-cv-00406<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Bestway (USA), Inc. ("Bestway USA") and Bestway Inflatables & Material Corp. ("Bestway Inflatables")(collectively, "Bestway") bring this patent infringement action against Defendants Intex Recreation Corp. ("IRC"), Intex Development Company Ltd. ("IDC"), Intex Marketing Ltd. ("IML") and Intex Industries (Xiamen) Co., Ltd. ("Intex Xiamen") (collectively, "Defendants" or "Intex") in connection with Intex's manufacture, sale, offer for sale, and importation

1

of air beds covered by one or more claims of U.S. Patent No. 10,687,633 ("the '633 Patent"), including but not limited to the Intex first-generation Dream Lux Pillow-Top Airbed Mattress with Internal Pump ("Accused Airbed") as shown in the claim chart attached to Intex's Notice of Intent to File Lawsuit Letter ("Notice Letter"). A true and accurate copy of the Notice Letter is attached hereto as **Exhibit A**. Bestway hereby complains and alleges against Intex as follows:

## THE PARTIES

1. Plaintiff Bestway (USA), Inc., is a corporation organized and existing under the laws of the State of Arizona, having a principal place of business at 3411 East Harbour Drive, Phoenix, Arizona.

2. Plaintiff Bestway Inflatables & Material Corp. is a company organized under the laws of the People's Republic of China, having a principal place of business at No. 208 Jin Yuan Wu Road, Shanghai, China, 201812.

3. Bestway Inflatables is in the business of manufacturing and selling inflatable products, including inflatable airbeds. Bestway USA is in the business of offering to sell and selling inflatable products manufactured by Bestway Inflatables, including inflatable airbeds.

4. On information and belief, Defendant Intex Recreation Corp. is a corporation organized and existing under the laws of the State of California, having a principal place of business at 4001 Via Oro Avenue, Suite 210, Long Beach, California.

5. On information and belief, Defendant IRC is also registered to do business in the State of California.

6. On information and belief, Defendant Intex Development Company Ltd. is a private limited company organized under the laws of Hong Kong and is based in Hong Kong at 9/F Everbright Centre, 108 Gloucester Road, WanChai, Hong Kong.

2

7. On information and belief, Defendant Intex Marketing Ltd. is a corporation organized and existing under the laws of the British Virgin Islands, having a principal place of business at 4001 Via Oro, Suite 210, Long Beach, California.

8. On information and belief, Defendant Intex Industries (Xiamen) Co., Ltd. is a company organized under the laws of the People's Republic of China, having a principal place of business at 858 Wengjiao Road, Xinyang Industrial Zone, Haicang District, Xiamen, Fujian, China.

## JURISDICTION AND VENUE

9. Bestway re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

10. This is an action for patent infringement of the '633 Patent arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, including 35 U.S.C. § 271. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendant IRC because, on information and belief, IRC is a California corporation that regularly engages in business in this judicial district, regularly solicits business in the judicial district, and derives substantial revenue from goods sold and used in this judicial district. IRC's Accused Airbed is or was available, and is or was being offered for sale and sold, via the internet on at least Amazon.com and in Walmart stores, including to customers located within this judicial district.

12. On information and belief, IRC operates several facilities, including a warehouse, distribution center, and offices for sales, marketing, and administrative employees and executives in this District, and such facilities and operations are used in part to support the importation, marketing, sales, distribution, and customer support for Intex airbed products, including the Accused Airbed.

3

13. Specifically, on information and belief, IRC purchases and imports the Accused Airbed from IDC for the purpose of reselling to domestic customers in this District, such as Walmart.

14. This Court has personal jurisdiction over IDC because, on information and belief, Intex regularly engages in business in this District, regularly solicits business in this District, and derives substantial revenue from goods sold and used in this District. IDC's Accused Airbed is or was available, and is or was being offered for sale and sold, via the internet on at least Amazon.com and in Walmart stores, including to customers located within this District.

15. On information and belief, IDC imports airbeds into the United States that are subsequently offered for sale and sold in the United States, including the Accused Airbed. Specifically, upon information and belief, IDC purchases the Accused Airbed from Intex Xiamen and then resells it to retailers and wholesalers in this District, such as Walmart and IRC.

16. This Court has personal jurisdiction over IML because, on information and belief, Intex regularly engages in business in this District, regularly solicits business in this District, and derives substantial revenue from goods sold and used in this District. IML's Accused Airbed is or was available, and is or was being offered for sale and sold, via the internet on at least Amazon.com and in Walmart stores, including to customers located within this District.

17. On information and belief, IML imports airbeds into the United States that are subsequently offered for sale and sold in the United States, including the Accused Airbed. Specifically, upon information and belief, IML purchases the Accused Airbed from Intex Xiamen and then resells it to retailers and wholesalers in this District, such as Walmart and IRC.

18. Upon information and belief, Intex Xiamen has no principal place of business in the United States.

19. This Court has personal jurisdiction over Intex Xiamen because, on information and belief, Intex Xiamen regularly engages in business in this judicial district, regularly solicits business in this judicial district, and derives substantial revenue from goods sold and used in this judicial district.

20. Intex Xiamen's Accused Airbed is or was available, and is or was being offered for sale and sold, via the internet on at least Amazon.com and in Walmart stores, including to customers located within this District.

21. On information and belief, Intex Xiamen manufactures airbeds, including the Accused Airbed, and Intex Xiamen sells the Accused Airbed to IDC. Intex Xiamen directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos and/or agents, has made, used, offered for sale, sold and/or imported into the United States, including to customers in this District, the Accused Airbed.

22. Intex Xiamen, directly or through intermediaries (including distributors, retailers and others), subsidiaries, alter egos and/or agents, imports into the United States or offers to sell, sells or uses within the United States the Accused Airbed.

23. Intex Xiamen has purposefully and voluntarily placed one or more Accused Airbeds into the stream of commerce with the awareness and/or intent that it will be purchased by customers in this District.

24. Intex Xiamen knowingly and purposefully ships the Accused Airbed into and within this District through an established distribution channel.

25. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**FACTUAL BACKGROUND**

26. Bestway re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

5

**The '633 Patent**

27. On June 23, 2020, the United States Patent and Trademark Office ("PTO") issued the '633 Patent, which is entitled "Inflatable Bed." The inventor listed on the '633 Patent is Feng Liu, and the assignee listed on the '633 Patent is Bestway Inflatables & Material Corp. A true and accurate copy of the '633 Patent is attached hereto as **Exhibit B**.

28. Bestway Inflatables is the assignee of and owns all rights, title and interest in and to the '633 Patent, including the right to sue for any infringement thereof, as reflected by the Assignment recorded in the Patent Office at the following Reel/Frame 039898/0983. A true and accurate copy of the Assignment is attached hereto as **Exhibit C**.

**Intex's Accused Airbeds**

29. On information and belief, Intex is infringing the '633 Patent directly, jointly, contributorily and/or by inducement by, without authority from Bestway, making, using, importing, selling, or offering for sale in the United States, including in this District, the Accused Airbed, which embodies the inventions claimed in the '633 Patent.

30. Specifically, on information and belief, Intex is infringing the '633 Patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Airbed, including, but not limited to, specifically the Intex first-generation Dream Lux Pillow Top Airbed Mattress with Internal Pump as shown in the claim chart attached as Exhibit A. In addition to the Accused Airbed, Intex's Dura-Beam Pillow Top Air Mattress with Built-in Pump ("Product No. 64753") also appears to infringe the '633 Patent.

31. The Accused Airbed is or was available, and is or was being offered for sale and sold at least at Wal-Mart stores in this District and online at: Walmart.com, Amazon.com, eBay.com, Sears.com, Target.com, AceHardware.com, QVC.com, and VMInnovations.com.

**Intex's Willful Infringement**

32. Intex's infringement has been, and continues to be, willful and deliberate.

33. On information and belief, Intex actively monitors the airbed industry and competitive intellectual property.

34. On information and belief, when Intex began to make, use, sell, offer to sell, and/or import the Accused Airbed into the United States, Intex knew of the '633 Patent and knew that the Accused Airbed practiced the '633 Patent.

35. Specifically, Intex had knowledge that the Accused Airbed practiced the '633 Patent as early as June 17, 2019 when Intex filed an opposition against Bestway's corresponding patent application with the European Patent Office, Application No. 16191360.3-1011. A true and accurate copy of the Opposition is attached hereto as **Exhibit D**.

36. Moreover, Intex has been on notice that at least the Accused Airbed infringes the claims of the '633 Patent since June 21, 2021. Specifically, Bestway provided Intex its Notice Letter on June 21, 2021, which was sent pursuant to a Standstill Agreement entered into between Intex and Bestway on May 21, 2018.

37. Claim charts outlining Intex's infringement of the '633 Patent via the Accused Airbed are also attached to the Notice Letter. (*See* Exhibit A).

38. With knowledge of the '633 Patent and its infringing conduct, upon information and belief, Intex continues to make, use, sell, offer to sell, and/or import the Accused Airbed and/or import into the United States or offer to sell, sell, or use within the United States the Accused Airbed.

39. Bestway has suffered, and will continue to suffer, damages from Intex's willful and deliberate acts of infringement complained of herein.

## COUNT ONE

('633 Patent Infringement)

40. Bestway re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

41. Intex has, either individually or as part of a joint enterprise or through the exercise of direction and control over at least one other Intex Defendant or third party, directly infringed and is currently infringing, at least Claims 1, 3, 17, and 19 of the '633 Patent, literally or by the doctrine of equivalents, by making, using, offering to sell and selling, and/or importing the Accused Airbed, which practices the invention claimed by the '633 Patent. At least one of the Defendants will continue to infringe at least Claims 1, 3, 17, and 19 of the '633 Patent unless enjoined by this Court.

42. Intex directly infringes at least Claim 1 of the '633 Patent, for example, because the Accused Airbed is an inflatable bed, comprising:

  a. a top sheet and bottom sheet disposed vertically at an interval;
  b. at least one side wall, an upper edge of said side wall being coupled to an outer edge of said top sheet, a lower edge of said side wall being coupled to an outer edge of said bottom sheet, an air chamber formed between said top sheet, said bottom sheet, and said side wall;
  c. at least one first tensioning structure disposed in said air chamber, an upper end and lower end of said first tensioning structure being respectively coupled to said top sheet and said bottom sheet; and
  d. at least one support structure disposed in said air chamber, said support structure being disposed in a longitudinal direction of at least one of said side walls, at least two outside edges of said support structure being respectively coupled to the side wall

8

adjacent, at least one inside edge of said support structure being coupled to the top sheet or bottom sheet adjacent;

    e. wherein said support structure comprises a second tensioning structure and a third tensioning structure, at least two outside edges of said second tensioning structure are respectively coupled to said at least one side wall, at least one inside edge of said second tensioning structure is coupled to said top sheet; and

    f. wherein at least two outside edges of said third tensioning structure are respectively coupled to said at least one side wall, at least one inside edge of said third tensioning structure is coupled to said bottom sheet.

43. Intex directly infringes at least Claim 3 of the '633 Patent, for example, because the Accused Airbed is an inflatable bed according to Claim 1 of the '633 Patent, wherein said second tensioning structure and said third tensioning structure are disposed at an interval.

44. Intex directly infringes at least Claim 17 of the '633 Patent, for example, because the Accused Airbed is an inflatable bed according to Claim 1 of the '633 Patent, wherein a location where said top sheet is located in the inside part of an upper edge of said second tensioning structure is lower than the location where said top sheet is located in the outside part of the upper edge of said second tensioning structure.

45. Intex directly infringes at least Claim 19 of the '633 Patent, for example, because the Accused Airbed is an inflatable bed according to Claim 1 of the '633 Patent, wherein said inflatable bed further comprises a built-in air pump, which is disposed on said side wall and is located between a lower edge of said second tensioning structure and an upper edge of said third tensioning structure for inflating said air chamber.

46. Bestway also incorporates by reference the infringement analysis contained and set forth in Exhibit A as if set forth fully herein.

47. On information and belief, at least one of the Defendants has contributed to the infringement of and continues to contributorily infringe one or more claims of the '633 Patent, by making, using, offering to sell, selling and/or infringing, in this District and elsewhere in the United States, a material or apparatus that is a component for use in practicing at least Claims 1, 3, 17, and 19 of the '633 Patent. On information and belief, Intex does so with knowledge that the component was especially made or adapted for use in a manner that would infringe at least Claims 1, 3, 17, and 19 of the '633 Patent when Intex sold, offered to sell, or imported the component. On information and belief, these components are not staple articles of commerce capable of substantial non-infringing uses.

48. On information and belief, at least one of the Defendants has actively induced infringement of and continues to induce infringement of at least Claims 1, 3, 17, and 19 of the '633 Patent by one or more of the Defendants or third-parties by distributing or making available instructions or manuals for manufacturing the Accused Airbed, and/or providing technical support for doing the same. On information and belief, Intex does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claims 1, 3, 17, and 19 of the '633 Patent. At least one of the Defendants intends to cause infringement by the other Defendants, third-party manufacturers, distributors, importers, agents, and/or contractors.

49. Intex's actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of at least Claims 1, 3, 17, and 19 of the '633 Patent in violation of 35 U.S.C. § 271.

50. Intex will continue to infringe the '633 Patent, causing immediate and irreparable harm to Bestway, unless this Court enjoins and restrains Intex's activities.

51. Intex's infringement has deprived, and will continue to deprive, Bestway of sales, profits, and other related revenue that Bestway would have made otherwise, and will continue to cause Bestway added injury and damage unless and until the Court enters an injunction prohibiting the manufacture, use, offer for sale, sale, and importation of the Accused Airbed by Intex.

52. Bestway is entitled to recover damages sustained as a result of Intex's infringement in an amount to be proven at trial, including but not limited to damages for lost profits, a reasonable royalty, interest, costs, attorneys' fees and other such relief as this Court deems appropriate.

53. On information and belief, Intex's infringement of the '633 Patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284. For at least this reason, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Bestway respectfully requests that the Court enter judgment in its favor and against each of the Defendants, and provide Bestway the following relief:

A. An adjudication that at least one valid and enforceable claim of the '633 Patent is infringed by Intex;

B. A permanent injunction against Intex, its agents, servants, and any and all parties acting either in concert or in any business relationship with Intex, from directly or indirectly infringing in any manner any of the claims of the '633 Patent pursuant to at least 35 U.S.C. § 283, including specifically an order enjoining the manufacture, use, sale, offering for sale in the United States, and/or importation of any infringing products into the United States;

C. An award of damages adequate to compensate Bestway for Intex's infringement of the '633 Patent in an amount to be proven at trial pursuant to 35 U.S.C. § 284 and pre and post judgment interest as allowed by law;

1       D.    A finding that Intex's infringement of the '633 Patent was willful and awarding Bestway treble damages under 35 U.S.C. § 284;

      E.    A finding that this case is "exceptional" under 35 U.S.C. § 285 and awarding Bestway its costs and reasonable attorney's fees;

      F.    An assessment and award of pre- and post-judgment interest on all damages awarded; and

      G.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Bestway hereby request a trial by jury on all issues so triable.

Date: January 19, 2022

By: /s/ Steven A. Caloiaro
DICKINSON WRIGHT PLLC
Steven A. Caloiaro, Bar No. 284410
SCaloiaro@dickinsonwright.com
100 West Liberty Street, Suite 940
Reno, Nevada 89501-1991
Tel: (775) 343-7500
Fax: (844) 670-6009

John S. Artz (*pro hac vice forthcoming*)
Sharae' L. Williams (*pro hac vice forthcoming*)
JSArtz@dickinsonwright.com
SWilliams@dickinsonwright.com
350 S. Main Street, Suite 300
Ann Arbor, MI 48107
Tel: (734) 623-7075
Fax: (844) 670-6009

*Attorneys for Plaintiffs*