**DICKINSON WRIGHT PLLC**
Steven A. Caloiaro, Bar No. 284410
scaloiaro@dickinsonwright.com
100 West Liberty Street, Suite 940
Reno, Nevada 89501-1991
Tel: (775) 343-7500
Fax: (844) 670-6009

John S. Artz, *pro hac vice*
Email: JSArtz@dickinsonwright.com
350 S. Main Street, Suite 300
Ann Arbor, MI 48107
Tel: (734) 623-7075
Fax: (844) 670-6009

*Attorneys for Plaintiffs, Bestway (USA) Inc. and Bestway Inflatables and Material Corporation*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESTWAY (USA), INC., AND BESTWAY INFLATABLES & MATERIAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> INTEX RECREATION CORP., INTEX DEVELOPMENT COMPANY LTD., INTEX MARKETING LTD., AND INTEX INDUSTRIES (XIAMEN) CO., LTD., <br><br> Defendants. | Case No.: 2:22-cv-00406-AB-AGR <br><br> **JOINT RULE 26(f) REPORT** |

Plaintiffs Bestway (USA), Inc. and Bestway Inflatables & Material Corp. (collectively, "Plaintiffs" or "Bestway") and Defendants Intex Recreation Corp., Intex Development Company Ltd. (together, "Intex"), Intex Marketing Ltd., and

Intex Industries (Xiamen) Co., Ltd. (collectively, "Defendants")[1] through their respective counsel, met on September 30, 2022, to conduct the conference required by Federal Rule of Civil Procedure 26(f) and Local Rule 26-1. Based on that meeting, the parties respectfully submit the following Joint Rule 26(f) Report and proposed schedule to incorporate deadlines common to patent cases and, thereby, promote efficiency and predictability for the Court and the parties:

a. **Statement of the Case**

**Plaintiff's Position:**

Bestway is one of a group of Bestway companies that develop, manufacture and sell high quality and innovative leisure products, including a range of inflatable products, such as above ground pools, portable spas, airbeds, as well as stand up paddleboards and boats. Bestway devotes substantial resources to product development to meet changing consumer demands.

As part of its airbed line, inflatable airbed products that overcome the defects of easy occurrence of bulging and deformation of the side walls, poor stability, and susceptibility of roll-over in the prior art were invented. This improved airbed structure is disclosed and described in Bestway's United States Patent No. 10,687,633 (the "'633 Patent"), issued on June 23, 2020.

Intex, who also sells airbeds, has without Bestway's permission, incorporated Bestway's patented structure into a number of Intex's own products. Based on the foregoing, Bestway alleges that Intex has infringed, and continues to infringe, various claims of the '633 Patent pursuant to 35 U.S.C. §§271(a), (b), and (c) by supplying at least the following airbed models to retailers such as the Intex Dream Lux Pillow Top Airbed Mattress with Internal Pump ("Accused Product") and Dura-

---

[1] As of the filing of this Report, Bestway has not served Intex Marketing Ltd. and Intex Industries (Xiamen) Co., Ltd. Thus, Intex contends that these entities are not proper defendants in this Action.



2

Beam Pillow Top Air Mattress with Built-in Pump (Product No. 64753) products. Intex's sales have caused harm to Bestway's U.S. business, and Bestway is seeking damages adequate to compensate for the infringement, including damages commensurate with lost profits for sales resulting from Intex's infringement or at least a reasonable royalty to Bestway for Intex's unauthorized use of Bestway's patented technology.

While Bestway does not feel Intex's lengthy and inaccurate diatribe is appropriate it will nevertheless quickly respond. Bestway has filed the action in good faith against a competitor it believes has copied its valid U.S. Patent. Discovery in other cases has shown that Intex has employed a patent strategy aimed at uncovering Bestway's product innovations at the development stage and drafting patent claims to cover them – despite Intex not practicing these patent claims themselves. Intex then engages in harassing suits because it cannot effectively compete with Bestway in the market due to poor executive leadership, product quality, customer service, and pricing.

With respect to the allegations of invalidity, in its pre-filing investigation Bestway reviewed the information provided by Intex and does not believe that it is invalidating prior art. Moreover, what Intex fails to mention, is that in a related opposition proceeding to the corresponding European Patent No. EP3192401, the court agreed and upheld the validity of the patent in the opposition and appeal. Intex's invalidity claims below appear to simply recycle the same arguments that were brought in the European Opposition and appeal and rejected.

**Defendants' Position:**

Intex is a well-known and leading innovator in the inflatable products industry. (*See, e.g.,* https://intexcorp.com/patents/.) Bestway is a serial infringer of Intex's intellectual property, which Intex has proven (and Bestway has admitted) time and time again for the last several years. *See, e.g., Intex Recreation Corp. v.*



*Bestway (USA), Inc., et al.*, Civil Action No. LA CV-19-08596-TJH(ASx) (C.D. Cal. 2019); *Intex Recreation Corp. v. Bestway (USA), Inc., et al.*, Civil Action No. LA CV-17-01177-JAK-E (C.D. Cal. 2017); In re Certain Inflatable Prods. With Tensioning Structures and Processes for Making the same, Inv. No. 337-TA-1009 (Jul. 25, 2016); *Intex Recreation Corp. et al. v. Bestway (USA), Inc. et al.*, LA CV-16-03300-JAK (Ex) (C.D. Cal. 2016); *Intex Recreation Corp. v. Bestway (USA), Inc. et al.*, LA CV-16-3483 (C.D. Cal. 2016); *Intex Recreation Corp. v. Bestway (USA), Inc. et al.*, 1:14-CV-1952 (S.D. Ind. 2014); *Intex Recreation Corp. v. Bestway USA, Inc. et al.*, LA CV-02-8558 (C.D. Cal. 2002).

Knowing that it cannot legitimately compete with Intex, in recent years, Bestway has adopted a practice of harassing Intex with assertions of patent infringement based on patents that are clearly invalid and/or fraudulently obtained from the U.S. Patent & Trademark Office (USPTO). *See, e.g., Bestway (USA), Inc. v. Intex Recreation Corp. et al.*, Case No. 2:17-cv-09030-PSG-JEM (C.D. Cal. 2017) (patent invalidated); *Bestway Inflatables & Materials Corp., et al. v. Intex Recreation Corp. et al.*, Case No. CV-16-00017-PHX-SPL (D. Ariz. 2016) (patent invalidated). Bestway's practice is clearly intended to disrupt and impose unreasonable costs on Intex's business. This case is the latest example of this troubling practice.

The '633 Patent is clearly invalid. Indeed, there are numerous prior art references that overcome the purported defects of easy occurrence of bulging and deformation of the side walls, poor stability, and susceptibility of roll-over in the exact same way as claimed and disclosed in the '633 Patent. One of those prior art references is a product (the Comfort-Plush High-Rise Airbed) that Intex had been selling well before the '633 Patent. In fact, Bestway appears to have based its patent application for the '633 Patent on Intex's Comfort-Plush High-Rise Airbed to fraudulently obtain the '633 Patent from the USPTO. Notably, Intex offered

Bestway the opportunity to inspect a sample of this prior art product several months ago, which would confirm the clear invalidity of the '633 Patent; Bestway declined this offer. Intex intends to promptly file a petition for *inter partes* review (IPR) of the '633 Patent with the USPTO and seek a stay of this action so that the USPTO can quickly and efficiently determine that the '633 Patent is invalid without further burdening this Court. As Bestway is well aware, the European Opposition did not admit and/or address the merits of prior art that will be submitted to the USPTO as part of this IPR.

In short, Intex denies Bestway's infringement allegations. Intex does not make, use, sell, offer for sale, or import products that infringe any claim of the '633 Patent. Furthermore, the '633 Patent's claims are invalid at least in view of prior art patents, printed publications, and/or prior public use, sale, or disclosure of products allegedly covered by claims of the '633 Patent. Accordingly, Bestway is not entitled to any damages—whether in the form of lost profits or a reasonable royalty.

**b.    Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over Bestway's patent claims for relief pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**c.    Legal Issues**

**Plaintiff's Position:**

Bestway's claim for patent infringement, potential claim construction issues, and availability and extent of remedies sought by Bestway are the main legal issues in this case. In particular, the principal issues are likely to be as follows:

- The proper construction of the asserted claims of the '633 Patent;
- Whether Defendants have infringed any asserted claim of the '633 Patent in violation of 35 U.S.C. §§ 271(a), (b), and (c);
- If liability is found for infringement, the amount of damages to which Bestway is entitled under 35 U.S.C. § 284;



- Whether attorneys' fees, costs, or expenses are recoverable by Bestway under 35 U.S.C. §§ 284 and/or 285.

**Defendants' Position:**

The principal issues are likely to be as follows:

- The proper construction of the asserted claims of the '633 Patent;
- Whether the asserted claims of the '633 Patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112;
- Whether Bestway has violated at least Section 2 of the Sherman Anti-Trust Act and/or sham litigation laws in filing this action;
- Whether Intex has not infringed any asserted claim of the '633 Patent;
- If liability is found for infringement, the availability and extent of remedies sought by each party;
- Whether attorneys' fees, costs, or expenses are recoverable by Intex under 35 U.S.C. §§ 284 and/or 285.

d. **Parties, Witnesses, and Key Documents**

**Plaintiff's Position:**

At this stage of the proceedings, Bestway is not aware of all potential percipient witnesses. However, at this time (and without waiving its rights to later identify additional witnesses), Bestway reasonably believes that witnesses will include, at a minimum: Patrizio Fumagalli, Scott Schellhase, Matthew Vartola, Ryan Slate, Matthew Whalen, any witnesses listed in the parties' respective Rule 26(a) initial disclosures, and any technical and/or economic expert witnesses of the parties.

Pursuant to the Court's request (*see* ECF No. 29, p. 2-3), for conflicts purposes, Bestway identifies the following entities (which include subsidiaries, parents, affiliates, and additional entities all of which were identified in Bestway's Notice of Interested Parties, ECF. No. 3):

- Bestway Enterprise Co. Ltd.; and



- Bestway Global Holding Company Inc.

**Defendants' Position:**

Intex is not aware of all potential percipient witnesses at this time; however, at this time (and without waiving its rights to later identify additional witnesses), Intex reasonably believes that percipient witnesses will include, at a minimum, those individuals identified in the parties' respective Rule 26(a) initial disclosures, which are forthcoming.

Additionally, pursuant to the Court's request (*see* ECF No. 29, p. 2-3), for conflicts purposes, Intex identifies the following entities (which include subsidiaries, parents, affiliates, and additional entities):

- Intex Corp., the parent corporation of Intex Recreation Corp.;
- Intex Industries (Xiamen) Co., Ltd, the entity involved in making the accused products;
- Intex Development Company Ltd., an entity involved in selling the accused products; and
- Intex Marketing Ltd., the parent company of Defendant Intex Development Company Ltd.

e.  **Damages**

**Plaintiff's Position:**

Bestway has been harmed by Intex's infringing activities. Bestway is entitled to receive all appropriate relief under the controlling laws relating to damages in patent infringement cases, which includes pursuing either lost profits, or at a minimum, a reasonable royalty for the use made of the invention by Intex, together with interest and costs as fixed by the court, which the court may increase the damages up to three times the amount found or assessed. 35 U.S.C. § 284. Bestway is also entitled to receive its reasonable attorney fees. 35 U.S.C. § 285. However, because Bestway does not yet possess detailed information regarding the extent of

7

Intex's infringing activities (including, for example, the volume of Intex's sales of the accused products to various retailers and consumers in the U.S.), Bestway cannot, at this time, provide a realistic range of possible monetary damages. Bestway also intends to rely on the testimony of a damages/economic expert to support its damages claims.

**Defendants' Position:**

Because Intex has not infringed any claim of the '633 Patent and/or because such claims are invalid, Bestway has not been harmed by any Intex conduct. Bestway also is not entitled to any enhanced damages in this case or any attorneys' fees, as no conduct by Intex warrants the imposition of such damages. On the contrary, Bestway's conduct in filing this action warrants awarding attorneys' fees and costs to Intex.

Furthermore, to the extent Bestway believes it is entitled to lost profits damages, Bestway is in the best position to produce information supporting any such claim. Similarly, to the extent Bestway believes a reasonable royalty is appropriate, Bestway is in the best position to produce information relating to royalties it has sought and/or obtained (if any) by licensing similar technology to other entities.

Based on information and belief, Bestway did not mark its products or provide notice of infringement pursuant to 35 USC § 287. Intex will produce relevant, responsive information relating to its sales and costs associated with the accused products for such sales that occurred on or after the filing date of Bestway's complaint, and will do so according to the discovery deadlines set forth by the Court and pursuant to the Federal Rules of Civil Procedure. Intex also intends to rely on an economic/damages expert to rebut Bestway's claims for damages. As noted above, Intex also reserves the right to pursue attorneys' fees and costs for Intex's assertion of unsubstantiated patent claims.

f. <u>**Insurance**</u>

**Plaintiff's Position:**

Bestway is not aware of an insurance agreement or policy that covers the claims and defenses in this litigation.

**Defendants' Position:**

Intex is not aware of an insurance agreement or policy that covers the claims and defenses in this litigation.

g. <u>**Motions**</u>

**Plaintiff's Position:**

At this time, Bestway does not anticipate seeking to add parties. However, Bestway may seek to file an amended complaint to address potential complications to accomplishing service of the remaining Defendants via the Hague Convention, if needed. Further, Bestway reserves its rights to seek further amendments pursuant to the Federal Rules of Civil Procedure, this Court's Local Rules and Standing Orders, and any Scheduling Orders entered in this case—particularly in view of any additional, relevant information that Bestway may learn through discovery.

**Defendants' Position:**

As noted above, Intex intends to promptly file a petition for *inter partes* review (IPR) of the '633 Patent with the USPTO. When that is filed, Intex intends to promptly file a motion to stay of this action pending IPR so that the USPTO can quickly and efficiently determine that the '633 Patent is invalid without further burdening this Court.

At this time, Intex does not anticipate seeking to amend its pleadings in this case; however, Intex similarly reserves its rights to do so pursuant to all applicable rules and Orders from the Court.



9

h. **Dispositive Motions**

**Plaintiff's Position:**

Until fact and expert discovery is complete, Bestway cannot state with certainty which issues, if any, for which it intends to file a motion for summary judgment. However, Bestway anticipates potentially moving for summary judgment on the issues of patent infringement and validity,.

**Defendants' Position:**

Until fact and expert discovery is complete and all parallel proceedings (*e.g.*, IPR) are finalized, Intex cannot state with certainty which issues, if any, for which it intends to file a motion for summary judgment. However, Intex anticipates potentially moving for summary judgment on the issues of noninfringement and invalidity.

i. **Manual for Complex Litigation**

Based on the current scope and issues in this case, the parties agree that the procedures set forth in the Court's established rules and regulations are sufficient to guide the administration of this case, and the procedures of the Manual for Complex Litigation need not be used.

j. **Status of Discovery**

The parties expect to exchange Initial Disclosures as set forth in Exhibit A. To date, no discovery has taken place.

k. **Discovery Plan**

Exhibit A attached hereto sets forth the parties' respective proposed schedules for this case, including discovery dates and discovery cut-offs.

The parties intend to conduct discovery on all of the claims and defenses alleged in the operative Complaint (ECF No. 1) and Answer (ECF No. 27) consistent with this Court's Local Rules and the proposed staggering of the close of fact and expert discovery. Additionally, and without waiving any objections by the party

from whom discovery is sought and without creating an agreement by such party that any such information is discoverable, the parties intend to seek discovery on at least the following general topics:

- The model names and/or any other identifiers for Intex's allegedly infringing products, Bestway's alleged patent-practicing products, and Bestway's non-patent-practicing products;
- The structure and function of Intex's allegedly infringing products, Bestway's alleged patent-practicing products, and Bestway's non-patent-practicing products;
- The marketing and advertising of Intex's allegedly infringing products, Bestway's alleged patent-practicing products, and Bestway's non-patent-practicing products;
- The amount of, and bases for, any monetary damages and non-monetary relief alleged by Bestway;
- Intex's sales information for the allegedly infringing products, including, but not limited to, past and current sales and related financial information;
- The parties' respective claim construction, patent infringement, patent non-infringement, validity, and invalidity positions, as well as Intex's remaining defenses (affirmative or otherwise);
- Correspondence between the parties and/or between a party and a third party or third parties related to the claims, defenses and remedies sought in this case;
- The conception, reduction to practice, prosecution, inventorship, ownership, and scope of the asserted claims of the '633 Patent;
- Prior art to the '633 Patent;
- Bestway's knowledge of the prior art to the '633 Patent;



- Bestway's licensing of the '633 Patent;
- Bestway's marking (or lack thereof) with respect to the '633 Patent;
- Any information that Bestway alleges relate to any secondary considerations or objective indicia of nonobviousness;
- Any affirmative defenses or counterclaims ultimately raised by Intex.

The parties may serve a maximum of 30 interrogatories. The parties may serve a maximum of 25 total requests for admission with respect to substantive matters and unlimited requests for admission for authenticating documents. Bestway may serve a maximum of 100 requests for production on all Defendants, whether served on any individual Defendant or Defendants collectively. Defendants collectively may serve a maximum of 100 requests for production on Bestway.

The parties agree that FED. R. CIV. P. 30 should govern depositions in this matter, including the following:

- Pursuant to Fed. R. Civ. P. 30(b)(1), the parties agree to a maximum 5 fact depositions by Bestway and 5 fact depositions by Defendants collectively.
- To the extent an individual is sitting as a witness pursuant to Fed. R. Civ. P. 30(b)(1) and 30(b)(6), such depositions shall be taken at the same time.
- Each deposition is limited to a maximum of 7 hours unless a translation service is needed. The parties will work together in good faith to determine the appropriate maximum number of hours for depositions requiring translations, including when a witness does need full translation assistance.
- The limits as to numbers/hours of depositions do not include non-party or expert depositions, and these limits will be observed absent stipulation or leave of Court.



The parties will negotiate the terms of a stipulation regarding the discovery and production of electronically stored information and anticipate filing such stipulation in the near future.

**l.** **Fact Discovery Cut-Off**

As set forth in Exhibit A, the parties agree to 16 weeks after entry of the Court's claim construction order as the date for the completion of fact discovery, including resolution of all discovery-related motions.

**m.** **Expert Discovery**

As set forth in Exhibit A, the parties agree to 27 weeks after entry of the Court's claim construction order as the date for the completion of expert discovery.

**n.** **Settlement Conference/ADR**

The parties have had preliminary settlement discussions, but settlement does not appear likely at this time. The parties agree to mediation as the preferred mechanism for alternative dispute resolution in this case.

**o.** **Trial Estimate**

The parties currently estimate that 5 days will be necessary for trial on all issues currently pled based on the following factors: the number of asserted patent claims, uncertain number of accused products, uncertain number of prior art products or references (and third party witnesses necessary to authenticate the same) and uncertainty as to whether live testimony will require translation.

**p.** **Trial Counsel**

**Plaintiff's Position:**

Counsel of record for Bestway will try this case, with John S. Artz serving as lead trial counsel.

**Defendants' Position:**

Counsel of record for Intex will try this case, with R. Trevor Carter serving as lead trial counsel.



q.  **Independent Expert or Master**

The parties do not believe that appointing a Master pursuant to FED. R. CIV. P. 53 or an independent scientific expert is necessary in this case.

r.  **Schedule Worksheet**

The parties have provided their respective proposed schedules in Exhibit A attached hereto.

s.  **Other Issues**

**Patent Case:** Exhibit A attached hereto also includes due dates that are unique to patent cases.

**Protective Order:** The parties will negotiate a stipulated Protective Order and expect to file the stipulated Protective Order, or notify the Court of any disputed issue(s) regarding the same in the near future. Absent a Court order, Discovery cannot be withheld on the basis of confidentiality.

**E-mail Service:** Pursuant to FED. R. CIV. P. 5(b)(2)(E), the parties consent to service via electronic mail to counsel of record of all papers requiring service and agree that filing via the Court's ECF system constitutes such electronic service.

**Rolling Basis of Discovery:** The parties agree that documents identified in the parties' Rule 26(a) Initial Disclosures or responsive to document requests will be produced on a rolling basis as soon as they have been located, Bates numbered, and reviewed for privilege; provided however, that the parties agree to work with reasonable diligence in searching for, reviewing, and producing such documents. However, this does not change or modify the parties' obligations to timely produce documents pursuant to FED. R. CIV. P. 34(b)(2).

**Document Preservation:** The parties each represent that they have taken all necessary steps to preserve potentially relevant hard-copy and electronic documents and data relevant to this litigation. Specifically, the parties have made, and will continue to make, reasonable efforts to preserve all electronic data relevant to either

party's claims or defenses. For clarity, because of the undue burden or cost as contemplated by FED. R. CIV. P. 26(b)(2)(B), no party is required to preserve, search, collect, process, review, or produce ESI from:

- Deleted, slack, fragmented, unallocated, or other data only accessible by forensics;
- Random access memory (RAM), temporary files, or other ephemeral data;
- Online access data (such as temporary internet files, history, cache, cookies);
- Back-up data that is substantially duplicative of data that is more accessible elsewhere;
- Server, system, or network logs;
- Electronic data (such as email, calendars, and contact data) sent to or from mobile devices (such as iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage); or
- Voicemail, notes on mobile devices, and/or text messages.

**Pre-Suit Discovery Protections**: The parties agree that any privileged communications that occurred on or after June 21, 2021 do not need to be logged on a privilege log. The parties agree that Fed. R. Evid. 502 applies to waiver and inadvertent disclosure of information subject to the attorney-client privilege, work-product protection, or any other applicable privilege, immunity, or protection. The parties further agree to follow the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) for the inadvertent disclosure of information subject to the attorney-client privilege, work-product protection, or any other applicable privilege, immunity, or protection.

Dated: October 7, 2022        **DICKINSON WRIGHT PLLC**

By: */s/ Steven A. Caloiaro*
    Steven A. Caloiaro
    Attorney for Plaintiffs

Dated: October 7, 2022        **FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Reid E. Dodge*
    Reid E. Dodge
    Attorney for Defendants

### ATTESTATION

This document is being electronically filed through the Court's ECF System. In this regard, counsel for Plaintiffs hereby attests that (1) the content of this document is acceptable to all persons required to sign the document; (2) Defendants' counsel has concurred with the filing of this document; and (3) a record supporting this concurrence is available for inspection or production if so ordered.

Dated: October 7, 2022         */s/ Steven A. Caloiaro*
                               Steven A. Caloiaro

16

